United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sandra Carril, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-20622-Civ-Scola |
| James River Insurance Company, | ) |
| Defendant. | ) |

### Omnibus Order

This matter is before the Court on Plaintiff Sandra Carril's motions to amend the complaint (ECF No. 7) and to remand this action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (ECF No. 6). The complaint was originally filed in state court and removed to this Court by Defendant James River Insurance Company on the basis of diversity jurisdiction. (ECF No. 1.) The Plaintiff seeks to recover uninsured motorist benefits from the Defendant for damages she sustained in a two-vehicle car accident. The Plaintiff moved to amend the complaint in order to add as an additional defendant the adverse driver who allegedly proximately caused the car accident that led to this action. The Plaintiff argues that by adding the adverse driver, she "will be able to engage in full discovery with [the adverse driver] regarding the facts and circumstances regarding the subject automobile accident." (ECF No. 7 at 2.) The parties do not dispute that diversity would be destroyed by adding the adverse driver, a Florida citizen named Falone Hermilus, to this action as a defendant. Accordingly, the Plaintiff has also filed a motion to remand upon the filing of the amended complaint. (ECF No. 6.) The Defendant opposes the motion to amend the complaint and the motion to remand for various reasons, including that "adding Falone Hermilus to the Complaint would be futile" and that the motion to amend the complaint and add a non-diverse defendant is an attempt at forum shopping. (ECF No. 8 at 2, 4.) The Court does not find the Defendant's position compelling and, for the reasons set forth below, **grants** the Plaintiff's motions to amend the complaint and for remand. (**ECF Nos. 6-7**.)

In accordance with Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or leave of court. According to Rule 15, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). "Although leave to amend shall be freely given when justice so requires, a motion to amend

may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "[L]eave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) (Marra, J.) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)). In order to deny leave to amend, the Court must identify a "justifying reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Defendant argues that adding Hermilus to the complaint would be futile because, as alleged by the Plaintiff, Hermilus "had no bodily injury coverage at the time of the subject motor vehicle accident." (ECF No. 8 at 2.) The Court is not persuaded by that argument. As the Plaintiff points out, that argument "ignores the fact that Plaintiff is able to obtain a judgment against Falone Hermilus regardless of whether she has available bodily injury coverage." (ECF No. 9 at 2.) The Defendant also makes much of its affirmative defense based on *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). Relying on *Fabre*, the Defendant "reserve[d] the right to place parties and non-parties on the verdict form at trial as potential tortfeasors . . . ." (ECF No. 8-2 at ¶ 10.) The Plaintiff has seized on that affirmative defense, arguing that Hermilus is the person whom the Defendant would place on the verdict form at trial as a potential tortfeasor and, as such, it would be appropriate to add Hermilus to this action as a defendant at this time. (ECF No. 8 at 1-2.) The Defendant's position as to whether Hermilus is the contemplated *Fabre* defendant is ambiguous, but the Court need not decide that issue in order to rule on the motion to amend the complaint. It is the Plaintiff's prerogative to sue the adverse driver in a simple two-vehicle car accident. The inquiry does not stop here, however.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Allowing the amendment would destroy diversity jurisdiction as both the Plaintiff and Hermilus are purportedly Florida citizens. Accordingly, the Court must consider § 1447(e). *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (a "district court ha[s] no discretion to add [a non-diverse defendant], retain jurisdiction and decide the case on the merits," but instead must either (1) deny joinder; or (2) permit joinder and remand the case back to state court).

In deciding whether a post-removal, diversity-destroying amendment is proper, courts consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has

been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities of the case. *Mheta v. New York Life Insurance Co.*, No. 8-09-cv-59-T-33TGW, 2009 WL 2252270 at *3 (M.D. Fla. July 28, 2009) (citing *Hensgren v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). When faced with such a situation, the district court should scrutinize the requested amendment more closely than an ordinary amendment. *Mheta*, 2009 WL 2252270 at *2.

While it is obvious that a consequence of allowing the amendment would be to destroy diversity jurisdiction, there is nothing in the record indicating that defeating federal jurisdiction is the *purpose* of the amendment. Nor does the Court find that the Plaintiff was dilatory in moving to add Hermilus as a defendant. The Plaintiff moved for remand on the basis of Hermilus's citizenship only 16 days after this action was removed to federal court. It is clear that if the Court were to deny the motion to amend, the Plaintiff would disadvantaged by being forced to pursue her claims against the Defendant and the tortfeasor in separate forums, resulting in duplicate litigation. Based on the Court's evaluation of these factors, the Court will allow the Plaintiff to add Hermilus to this action. Since the Court has permitted this joinder under 28 U.S.C. § 1447(e), it must remand this case back to state court for lack of subject matter jurisdiction. (*Id.*)

Accordingly, the Court:
1. **Grants** the Plaintiff's motion for leave to amend the complaint (**ECF No. 7**);
2. **Directs** the Clerk of Court to **file** the First Amended Complaint (**ECF No. 7-1**);
3. **Grants** the motion to remand (**ECF No. 6**) and **remands** this case, and directs the Clerk to ensure the prompt remand of this matter, to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;
4. **Denies** any pending motions as **moot**; and
5. **Directs** the Clerk of Court to **close** this case.

**Done and ordered** at Miami, Florida, on May 4, 2020.

                                                                                       _____
                                                                                       Robert N. Scola, Jr.
                                                                                       United States District Judge